IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS



FILED
MAY 21 2014
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Criminal No. 14-30094-NJR |
| LEV M. DERBAREMDIKER, | ) Title 18, |
| | ) United States Code, |
| Defendant | ) Section 1349 |

## INDICTMENT

**THE GRAND JURY CHARGES:**

1. Between on or about March 13, 2009, and continuing until on or about September 18, 2009, in Alexander, Bond, Clinton, Crawford, Effingham, Fayette, Franklin, Hamilton, Jackson, Jasper, Jefferson, Jersey, Madison, Marion, Monroe, Randolph, Richland, St. Clair and Williamson Counties, within the Southern District of Illinois and elsewhere, **LEV M. DERBAREMDIKER,** Jose Manuel Goyos, Jr., and others known and unknown, doing business as Premier Timeshare Solutions (PTS), conducted a telemarketing timeshare resale scheme targeting timeshare owners throughout the United States, its Territories, and Canada.

2. Jose Manuel Goyos, Jr. was the registered agent and co-owner of C&G Marketing Associates, LLC, a Florida corporation, which defrauded consumers using the fictitious name of Premier Timeshare Solutions. C&G Marketing was incorporated in the State of Florida on January 26, 2009, and the articles of incorporation identify Goyos as a manager, along with "KRC." The company was co-owned by Goyos and KRC. PTS telemarketers worked in an office building in West Palm Beach, Florida. From there, PTS telemarketers placed phone calls

to timeshare owners falsely representing or implying that the company had found someone who wanted to buy their timeshare interest. **DERBAREMDIKER** was a telemarketer at the PTS office.

3.  In exchange for an advance fee that typically exceeded $1,000, the PTS telemarketers promised to handle all the details of the sale and send the victims the proceeds after closing. Once the victims had paid the advance fee, however, usually by giving the telemarketer their credit card information, the fraudulent company simply pocketed the money. There were no interested buyers, the closings did not occur, and the timeshares were not resold. It was, simply put, an act of thievery.

4.  To discourage and defeat subsequent chargeback attempts, PTS sent victims written contracts to sign and return – contracts that made no mention of the promised sale and obligated the company merely to provide marketing and advertising services. Because the original sales calls were not recorded, PTS could later claim that marketing and advertising was all that had ever been promised, and that any contrary impression the victim may have formed – for instance, that there was a concrete offer for the customer's unit or some genuine interest by a qualified buyer – was simply a misunderstanding.

5.  Victims who called PTS to check on the status of their transactions were directed to customer service representatives. The role of the PTS customer service department was to perpetuate the fraud by delaying and discouraging chargebacks and complaints. To accomplish that goal, representatives would lie to victims, assuring them that despite some phony, unexpected delay, their timeshare unit was still going to be sold. Repeat callers were given a series of bogus excuses none of which had any basis in fact. By instilling a false sense of hope,

PTS aimed to delay the chargeback process beyond the time that most credit card issuers allow for disputes.

6. During its period of operation, PTS victimized over 7,000 people spread across each of the 50 States, six Canadian Provinces, and the Bahamas. At least 47 victims of the scam were located within the Southern District of Illinois, representing half of the district's 38 counties. All told, the scheme took in over $14.5 million.

## Count I

### Conspiracy to Commit Mail and Wire Fraud
### 18 U.S.C. § 1349

7. The previous paragraphs of the indictment are realleged.

8. From in or around March 13, 2009, and continuing until on or about September 18, 2009 in the counties of Alexander, Bond, Clinton, Crawford, Effingham, Fayette, Franklin, Hamilton, Jackson, Jasper, Jefferson, Jersey, Madison, Marion, Monroe, Randolph, Richland, St. Clair and Williamson Counties, within the Southern District of Illinois and elsewhere,

**LEV M. DERBAREMDIKER,**

defendant, together with Jose Manuel Goyos, Jr., and various managers of the telemarketing call centers operating under the name of Premier Timeshare Solutions, and others both known and unknown to the grand jury, did knowingly and willfully combine, conspire, confederate and agree among themselves and each other to commit certain offenses against the United States as follows:

   A. To devise a scheme and artifice to defraud and to obtain money and property by means of false pretenses, representations and promises, and for the purpose of executing the scheme, and attempting so to do, to knowingly cause to be sent and delivered by the United States Postal Service and by commercial interstate carrier, mail matter to and from residents of the United States, including residents of the Southern District of Illinois, to and from the office of PTS in the State of Florida, in violation of Title 18, United States Code, Section 1341.

   B. To devise a scheme and artifice to defraud and to obtain money and property by means of false pretenses, for the purpose of executing the scheme, and attempting so to do, to knowingly cause to be transmitted by means of wire or radio communication in interstate and foreign commerce, interstate telephone calls, credit card transactions, electronic fund transfers, and signs and signals, to and from the office of PTS in the State of Florida, in violation of Title 18, United States Code, Section 1343.

  9. In furtherance of and as a foreseeable consequence of the conspiracy, PTS and its telemarketers caused contracts and other documents to be transmitted by U.S. Mail or by interstate commercial carrier to the Southern District of Illinois.

  10. In furtherance of and as a foreseeable consequence of the conspiracy, PTS and its telemarketers caused interstate telephone calls to be made to the Southern District of Illinois.

  All in violation of Title 18, United States Code, Section 1349.

  The offense occurred in connection with the conduct of telemarketing, in violation of the SCAMS Act, punishable under Title 18, United States Code, Section 2326(1).

A TRUE BILL



*signature*
STEPHEN R. WIGGINTON
United States Attorney

*signature*
MICHAEL HALLOCK
Special Assistant United States Attorney

*signature*
WILLIAM E. COONAN
Assistant United States Attorney